

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 10, 1976

The Honorable Luther Jones
Chairman
Committee on Elections
P. O. Box 2910
Austin, Texas 78767

Opinion No. H-876

Re: Eligibility of public officers for political party posts.

Dear Chairman Jones:

You have requested our opinion on a number of questions regarding the eligibility of public officers for membership on political party executive committees. Article 3.04, subdivision 3, of the Texas Election Code, provides:

> No one shall act as chairman or as member of any district, county, or city executive committee of a political party who is not a qualified voter, or who is a candidate for public office, or who holds any office of profit or trust, either under the United States or this state, or any city or town in this state.

In Attorney General Opinion H-698 (1975), we upheld the constitutional validity of this provision.

You first ask whether a school district trustee, a trustee of a water, utility or other special district, a director of a soil and water conservation district, a member of a city council, or a deputy sheriff, constable or other law enforcement officer is included within the statutory prohibition. If such persons hold "offices of profit or trust" under the state or under a city or town, they are embraced within the ambit of subdivision 3 of article 3.04.

A school district trustee has long been considered to hold an office of profit or trust. Attorney General Opinions O-2226 (1940); O-2056 (1940); O-2023 (1940). As to trustees of special districts, a director of an irrigation district has been held to occupy such an office, Engelman Land Co. v. Donna Irrigation District No. 1, 209 S.W. 428 (Tex. Civ. App. -- San Antonio 1919, writ ref'd), as has a trustee of a navigation district. Attorney General Opinion O-5550 (1943). Likewise, a directorship of a soil conservation district is deemed to be an office of profit or trust. Attorney General Opinion V-1445 (1952). In Letter Advisory No. 85 (1974), we noted that a city council member holds an office of profit or trust. See also Willis v. Potts, 377 S.W.2d 622 (Tex. Sup. 1964). Finally, deputy sheriffs and constables have been recognized as holding such offices. Murray v. Harris, 112 S.W.2d 1091 (Tex. Civ. App. -- Amarillo 1938, writ dism'd); Attorney General Opinion O-3915 (1941).

Your second question is whether a candidate for any of these offices is also barred from serving as "chairman or as member of any district, county, or city executive committee of a political party." The answer is apparent from the language of the statute, which prohibits any "candidate for public office" from serving in any of the specified political party positions. We believe that all those offices about which you inquire in your first question are "public offices," and therefore, a candidate for any such office falls within the prohibition of subdivision 3 of article 3.04.

You next ask whether, if a chairman or member of the executive committee of a political party becomes a candidate for, or is elected or appointed to, a public office, he thereby automatically vacates his party office. In Attorney General Opinion O-2487 (1940), this Office held that, under article 2940, V.T.C.S., the predecessor of article 3.04 of the Election Code, when a member of a district, county, or city executive committee of a political party becomes a candidate for public office, his political office ipso facto becomes vacant. See also Attorney General Opinion O-7231 (1946). We believe that this conclusion is correct, and thus, we answer your third question in the affirmative.

You also inquire as to the procedure which should be followed when a public officer attempts to file for election to the office of chairman or member of a district, county, or city executive committee of a political party. Subdivision 3 of article 3.04 prohibits a public officer or a candidate for public office only from acting as a political party officer. The public officer might well intend to resign his public office before commencing his term as chairman or member of a district, county, or city executive committee. But cf. Attorney General Opinion O-1835 (1940). Thus, an election official should not refuse an application for a place on the ballot to a public officer merely by virtue of his occupancy of a public office. If, however, the individual continues to hold public office on the date set for occupying the political office, he is disqualified from filling the latter. Attorney General Opinion O-2023 (1940). If he attempts to serve in that capacity, he may be ousted. Attorney General Opinion O-3915 (1941).

Your final question is whether the authority charged with the responsibility for canvassing election returns and certifying the results should decline to certify the election of a public officer to the chairmanship of or membership on a district, county, or city executive committee of a political party. As we noted in our answer to your last question, the public officer may in fact intend to resign his public office before assuming the duties of the political party position to which he has been elected. Since the statutory prohibition speaks only in terms of "acting" in the capacity of political party officer, it is our opinion that an election official should not in this instance decline to certify the results of the election. As previously stated, however, if the individual, while remaining a public officer, attempts to act in the capacity of political party officer, he may be ousted. Attorney General Opinion O-3915 (1941).

## S U M M A R Y

A school district trustee, a trustee of a special district, a city council member, and a deputy sheriff and constable hold offices of profit or trust under the laws

of Texas and are thus barred from acting as "chairman or as member of any district, county, or city executive committee of a political party." Furthermore, a candidate for any of these offices is prohibited from serving in any such political party positions. When any such political party officer becomes a candidate for public office, he automatically vacates his party office. An election official should not refuse an application for a place on the ballot to, or refuse to certify the election of, a public officer seeking a political party post, although, if the individual attempts to serve in that capacity while remaining a public officer, he may be ousted.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb